107-233/PEV
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| WILLIAM TOBIN and KRISTYN TOBIN, | 07 Civ. 5951 |
| Plaintiffs, | VERIFIED ANSWER TO AMENDED COMPLAINT |
| -against- | |
| BARKER STEEL COMPANY INC., | |
| Defendant. | |

------------------------------------------------------------------------x

Defendant, BARKER STEEL COMPANY INC., by and through its attorneys, the Law Offices of Charles J. Siegel, answering plaintiffs' amended verified complaint alleges, upon information and belief:

ANSWERING THE FIRST CAUSE OF ACTION

FIRST:  Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1", "3", "4", "5", "6", "20" and "21" of the amended complaint.

SECOND: Admits paragraph "2" of the amended complaint.

THIRD:  Denies the allegations contained in paragraphs "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "22", "23", "24", "25", "26", "27" and "28" of the amended complaint.

ANSWERING THE SECOND CAUSE OF ACTION

FOURTH:  The defendant repeats and reiterates all the admissions and denials contained in the foregoing answer, with reference to those paragraphs repeated and reiterated in paragraph "29" of the amended complaint.

FIFTH:  Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "30" of the amended complaint.

SIXTH:  Denies the allegations contained in paragraphs "31" and "32" of the amended complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiffs for medical care, dental care, custodial care, or rehabilitative services, loss of earnings, or other economic loss, has been or will, with reasonable certainty, be placed or indemnified in whole or in part from collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules.

If any damages are recoverable against said defendant, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral source.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

In the event that the plaintiffs recover any judgment against this defendant, then this defendant demands that any such judgment be diminished in accordance with Article 16 of the CPLR and more particularly Section 1601 thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

That the complaint fails to state a cause of action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to mitigate damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendant, pursuant to Section 1412 of the CPLR, alleges on information and belief, that if plaintiff sustained any injuries or damages at the time and place alleged in their complaint, such injuries or damages were the result of the culpable conduct of the plaintiff or because of the plaintiff's negligence and assumption of risk.  Should it be found however, that the answering

defendant is liable to the plaintiffs herein, any liability being specifically denied, then the answering defendant alleges that if any damages are found, they are to be apportioned among the plaintiffs and defendants according to the degree of responsibility that each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

WHEREFORE, defendant BARKER STEEL COMPANY INC. demands judgment dismissing the complaint herein, together with the costs and disbursements of this action.

Dated: New York, New York
December 20, 2007

Yours, etc.

Law Offices of
CHARLES J. SIEGEL
Attorney for Defendant
BARKER STEEL COMPANY INC.
Office & P.O. Address
40 Wall Street 7th Fl
New York, New York 10005
(212) 440-2350
By:_____
    Peter E. Vairo (PEV-2972)

TO:
HOWARD R. SANDERS
Attorneys for Plaintiff
60 EAST 42ND STREET
Suite 863
New York, NY 10165
212-983-5151
Fax (212)983-5151

AFFIRMATION OF VERIFICATION

Peter E. Vairo, hereby affirms under the penalty of perjury, pursuant to CPLR 2106, that he is an attorney admitted to practice in the courts of this state and that he is associated with the law office of CHARLES J. SIEGEL, the attorneys for defendant BARKER STEEL COMPANY INC. in the within action; that the foregoing ANSWER is true to his own knowledge, except as to matters therein stated to be upon information and belief, and that as to those matters he believes them to be true.

That this ANSWER is affirmed by your affirmant and not by the answering defendant because, upon information and belief, is a corporation, none of whose officers are within the county where CHARLES J. SIEGEL have their offices at the time of this verification is executed and the source of affirmant's information, and the grounds for his belief are the records and reports of investigation kept in the offices of the said attorneys for the defendants in connection with this action and the accident out of which said action arises.

Dated:   New York, New York
         December 20, 2007

                                          PETER E. VAIRO (PEV-2972)

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
COUNTY OF NEW YORK ) ss.:

    Miriam Soto, being duly sworn, deposes and says:

    That deponent is not a party to this action, is over 18 years of age and resides in Richmond County, New York, that she is a clerk in the Law Office of CHARLES J. SIEGEL, the attorneys for the defendant, BARKER STEEL COMPANY, INC. herein, that on December 20, 2007 she served the within VERIFIED ANSWER TO AMENDED COMPLAINT upon the undersigned attorneys by mailing a true copy in a postpaid wrapper in an official depository under the exclusive care and custody of the United States Postal Service within New York City, New York directed to them at the addresses shown, heretofore designated by them for that purpose:

HOWARD R. SANDERS
ATTORNEYS FOR PLAINTIFF
60 EAST 42ND STREET
SUITE 863
NEW YORK, NY 10165


                                                                                                                _____
                                                                                                                Miriam Soto

Sworn to before me this
_____ day of December 2007