LAW OFFICES OF
# CHARLES J. SIEGEL

CHARLES J. SIEGEL
RICHARD DELL
RICHARD D. O'CONNELL
FRED B. SMITH
JACK L. COHEN
PETER E. VAIRO
STUART A. APPLOFF
MARC S. RUSSO
CHRISTOPHER A. SOUTH
ALFRED T. LEWYN
STEPHANIE A. JOHNSON
IROSHA RATNASEKERA
ROBERT CYPHER, JR.
THOMAS GIBBONS

40 WALL STREET
7TH FLOOR
NEW YORK, NEW YORK 10005
(212) 440-2350

LAW OFFICE SUPERVISOR:
EILEEN GOUSE

PARALEGALS:
NILS NELSON
ARLENE RULLAN

LAW CLERKS:
ALISON DUNLOP

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/08
```

April 17, 2008

Honorable Richard J. Holwell
USDC/SDNY
500 Pearl Street
New York, NY 10007



APR 2 2 2008

CHAMBERS OF
RICHARD J. HOLWELL

Re: Tobin, William v. Barker Steel Company
Docket No: 07-Civ 5951
Our File Number: 107140233

Dear Judge Holwell:

I represent the defendants in the above-captioned matter and we have recently completed the plaintiff's deposition.

I write in connection with the court's rules to request a pre-motion conference in regards to a motion for summary judgment or dismissal which we feel is indicated in this case.

By way of background, the plaintiff is a New York State resident suing an out of state trucking company. He claims to have suffered personal injury when stepping into an opening on a truck from which he was off loading rebar (long thin bars of steel).

There is no dispute as to how the incident occurred or as to the relationship between the parties.

The basis for the motion is primarily on the ground that the plaintiff's injuries do not satisfy the New York State serious injury threshold for automobile cases. Since this accident happened during the use and operation of a motor vehicle, the plaintiff's lawsuit against the defendant is precluded by statute unless he satisfies a serious injury threshold category.

It is submitted that none of the categories presented by the serious injury threshold law is satisfied by the plaintiff's damages. He did not sustain any fracture or other enumerated injury and his length of disability does not qualify under the different threshold category of the statute.

A Staff Counsel Office of CNA



Indeed, the plaintiff testified that he returned to work and missed only a few weeks of work based upon an arthroscopic procedure performed several months after the accident. He has been able to play in golf tournaments, take cruises to Mexico and otherwise enjoy his usual and customary activities that he used to enjoy prior to the accident.

If, in the alternative, the court deems this to be a premises liability type of case, it is further submitted that the plaintiff's complaint is subject to dismissal. The plaintiff testified hat he was aware of the hole that his foot went into at the time of the incident 15-20 minutes before his accident. Plaintiff testified that he was walking backwards without looking where he was stepping when he stepped into the hole. The hole was approximately four feet long by ten inches wide. The hole was created by a missing plank in the flatbed floor of the truck.

New York Law provides for dismissal when the plaintiff fails to avoid an open and obvious condition which is readily available by the ordinary use of one's senses. Furthermore, the plaintiff's conduct in failing to look where he was walking at the time of the incident, knowing there was a potential hazard on the truck, also obviates the defendant's duty owed to the plaintiff under the circumstances.

Thus, we respectfully request that the court convene a pre-motion conference at the convenience of the court's calendar. I thank the court for its kind cooperation and attention to this matter.

Very truly yours,

Peter E. Vairo
212-440-2354

PEV/ms
cc:
Howard R. Sanders
60 East 42nd Street
Suite 863
New York, NY 10165

Defendants' proposed motion will be considered at the conference scheduled for 5/16/08 at 10:00 a.m.

SO ORDERED

USDJ
4/28/08